**GLOBE INDEMNITY CO. v. ESTRADE.***

No. 16863.

Court of Appeal of Louisiana. Orleans.

May 2, 1938.

For prior opinion, see 180 So. 189.

Jas. W. Hopkins, of New Orleans, for petitioner, appellant.

*Writ of certiorari denied May 30, 1938.

Quintero & Ritter, of New Orleans, for appellee.

PER CURIAM.

In application for rehearing counsel for plaintiff refers to the fact that under the indemnity agreement plaintiff would have had the right to settle the Pittman suit and to then call upon the indemnitors for reimbursement, and that, since the Pittman suit was defended under a "nonprejudice" agreement, that right, to compromise the Pittman suit, always remained in the surety.

But the agreement to which counsel refers, while characterized as a "nonprejudice" agreement, was, in some respects, a substitute agreement, which, in certain particulars, took the place of and superseded the indemnity agreement. It very apparently contained a waiver of the right to settle or compromise at will because it provided that the suit should be defended. to its conclusion and that the rights of the surety and of the indemnitors, inter se, should remain in abeyance until the termination of the suit. This portion of the agreement, which provided that the suit should be defended, could not be carried out without the abrogation of the indemnity agreement insofar as it gave to the surety the right to compromise at will.

The rehearing applied for is refused.

Rehearing refused.